IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-11282
Summary Calendar

KAN PLASAI

Plaintiff-Appellant

v.

SECRETARY MARY E. PETERS

Defendant-Appellee

Appeal from the United States District court
for the Northern District of Texas
USDC No. 3:03-CV-2996

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Kan Plasai appeals the dismissal, with prejudice, following a bench trial before a magistrate judge, of her Title VII failure-to-promote claim against the Secretary of the Department of Transportation.

Plasai is a Thai national who worked as a computer specialist in the Dallas Flight Standards District Office (FSDO) of the Federal Aviation Administration from 1998 until her removal in September 2005. She was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

originally employed as a LAN Administrator at the FG-9 compensation level; but, on 8 April 2001, she received a temporary promotion to be a LAN Administrator at the FG-11 compensation level. Plasai was also allowed to compete for a permanent position at that pay level. No one was selected, however, for that permanent position; and Plasai's temporary promotion expired by its terms on 5 October 2001.

Although Plasai raised numerous discrimination claims, she appeals only the dismissal of her failure-to-promote claim. Plaintiff alleged, inter alia, that she was discriminated against on the basis of her race, color, national origin, and gender when she was not promoted to the permanent FG-11 position. At the conclusion of the bench trial, the district court, from the bench, orally made extensive findings of fact and conclusions of law.

The district court dismissed the failure-to-promote claim on both procedural and substantive grounds. Procedurally, the court ruled that Plasai had not exhausted her administrative remedies because she had not initiated contact with an EEO counselor within 45 days of the adverse personnel action, as required by 29 C.F.R. § 1614.105(a). Alternatively, the court ruled that Plasai had not rebutted the legitimate, nondiscriminatory reasons for not promoting Plasai that were offered by the defendant and therefore could not meet her burden of proving discrimination.

Because our court has not conclusively established that the exhaustion requirement under Title VII is jurisdictional, we need not decide the close and difficult issue of whether Plasai contacted an EEO counselor within the required time period. See Pacheco v. Mineta, 448 F.3d 783, 788 n.7 (5th Cir. 2006) (explaining disagreement about whether exhaustion is merely a prerequisite to suit or whether it implicates subject matter jurisdiction). Instead, we will consider whether the district court erred in finding Plasai did not prove discrimination.

The parties make much of the familiar McDonnell Douglas burden-shifting framework used for determining whether a plaintiff's discrimination claim may survive a motion for summary judgment. This case, however, was fully tried. "On appellate review of a fully tried case, we do not concern ourselves with the shifting burdens of proof that are relevant at trial. Rather, we limit our review to the district court's findings on the ultimate question of discrimination . . . ." Collins v. Baptist Mem'l Geriatric Ctr., 937 F.2d 190, 192-93 (5th Cir. 1991) (citation and internal quotation marks omitted). Along that line, the determination of discrimination vel non is a finding of fact, which we review only for clear error. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985).

The district court found: (1) Plasai did not get along well with other employees; (2) an audit revealed deficiencies regarding backup tapes she was required to keep; and (3) she worked overtime without approval and encouraged others to do the same. Moreover, at trial, Plasai did not claim these nondiscriminatory bases for not promoting her were false. Rather, Plasai merely offered testimony that some unnamed employees made racially derogatory remarks toward her and that she was the only Asian LAN Administrator in the Dallas FSDO. Based on the foregoing, the district court did not clearly err in finding Plasai did not prove discrimination by a preponderance of the evidence.

AFFIRMED.